IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYLA ROBBINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-479 |
| | § | |
| GLOBAL HAWK INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

GLOBAL HAWK INSURANCE COMPANY ("GHIC" or "Defendant") files this Notice

of Removal from the 189th Judicial District Court of Harris County, Texas, to the United States

District Court for the Southern District of Texas, Houston Division in accordance with 28 U.S.C.

§§ 1441 and 1446 (the "Notice of Removal").  As grounds for removal, GHIC shows the Court

as follows:

### I.
### STATE COURT ACTION

1.     On January 14, 2016, Kayla Robbins ("Robbins" or "Plaintiff") filed suit against

GHIC in the 189th Judicial District Court of Harris County, Texas, styled as follows: Cause No.

2016-02458; *Kayla Robbins v. Global Hawk Insurance Company* (the "State Court Action").[1]

This is an insurance dispute involving a direct action against GHIC.  Specifically, this is a case in

which Robbins attempts to enforce a default judgment obtained against Enrique Carreon d/b/a

Carreon Trucking ("Carreon") and Dean Frederick Malzahn ("Malzahn") in a case styled as,

Cause No. 2014-74210; *Kayla Robbins v. Dean Fredrick Malzahn and Enrique Carreon d/b/a*

---

[1] A true and correct copy of Plaintiff's Original Petition is attached hereto as **Document No. 2** in the Index to State Court File, and incorporated herein by reference for all purposes.

*Carreon Trucking*, in the 127th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). Carreon was the named insured on a policy issued by GHIC. Malzahn was allegedly driving a truck on behalf of Carreon at the time of a motor vehicle accident involving Robbins. The Underlying Lawsuit relates to Robbins' claimed damages resulting from the motor vehicle accident. Importantly, the vehicle driven by Malzahn at the time of the accident was not an authorized vehicle covered under Carreon's insurance policy. Further, Malzahn was an unauthorized driver and not covered under Carreon's policy.

2.      After Robbins filed suit, Carreon failed to provide GHIC with notice of the Underlying Lawsuit. Consequently, GHIC did not participate in the Underlying Lawsuit and was unaware that the motor vehicle accident between Malzahn and Robbins had proceeded into litigation. On July 13, 2015, unbeknownst to GHIC, Robbins obtained a Final Judgment against Carreon and Malzahn in the amount of $761,048.72. This Final Judgment appears questionable, as Robbins purportedly incurred past medical expenses of $11,048.72, yet somehow obtained a Final Judgment for an additional $750,000 in claimed damages for alleged past and future pain and impairment. GHIC only received notice of the Underlying Lawsuit and Final Judgment when Robbins filed the State Court Action seeking enforcement of the Final Judgment. GHIC has been severely prejudiced by its insured's failure to provide notice of the Underlying Lawsuit. GHIC should not be held responsible for payment of the Final Judgment, as it did not have an opportunity to defend itself and/or its' insured in connection with the claims at issue. Enforcement of the Final Judgment against GHIC would offend traditional notions of fair play and substantial justice and violate due process rights and fundamental fairness.

3.      Robbins seeks recovery of the Final Judgment in the amount of $761,048.72, as well as special damages and attorney's fees and expenses.

4.      GHIC denies Robbins' allegations asserted in the State Court Action and contends that Robbins is not entitled to the relief sought therein.

**II.**
**GROUNDS FOR REMOVAL**

5.      Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441.[2]  The Houston Division of the Southern District of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

6.      GHIC files this Notice of Removal based on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a).  A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount of controversy exceeds $75,000,[3] exclusive of interest and costs.

**A.      Notice of Removal is Timely Filed**

7.      Robbins was served with Plaintiff's State Court Action on or about January 25, 2016, via service accomplished on the Commissioner of the Texas Department of Insurance.[4] Pursuant to 28 U.S.C. § 1446(b)(1), Defendant has thirty (30) days from the date of being served with suit to file this Notice of Removal, *i.e.*, on or before February 24, 2016.  This Notice of Removal is filed before such date and, therefore, is timely filed.

**B.      Amount in Controversy Requirement is Satisfied**

8.      As noted above, in her Petition, Robbins seeks recovery of the Final Judgment in

---

[2] *See* 28 U.S.C. § 1441.
[3] *See* 28 U.S.C. §§ 1332(a) and 1446.
[4] A true and correct copy of the citation served upon Defendant in this suit is attached hereto as **Document No. 5** in the Index to State Court File, and incorporated herein by reference for all purposes.

the amount of $761,048.72, as well as special damages and attorney's fees and expenses. Consequently, Robbins' claimed damages satisfy the amount in controversy requirements of this Court.

**C.    Complete Diversity Exists Between the Parties**

9.    To have complete diversity, no plaintiff may be a citizen of the same state as any defendant.[5] A natural person is a citizen of the state where the person is domiciled.[6] A corporation is a citizen of both the state where it was incorporated and the state where its principal place of business is located.[7] In addition to complete diversity, the suit can only be removed if none of the defendants are citizens of the state where the suit was filed.[8]

10.    Complete diversity exists in this case because Robbins and GHIC are citizens of different states, and GHIC was not incorporated in Texas and its principal place of business is located outside of the State of Texas.

**(i)    Plaintiff Robbins**

11.    In her Original Petition, Robbins judicially admits that she is a citizen of the State of Texas and domiciled in Harris County, Texas.[9]

**(ii)    Defendant GHIC**

12.    GHIC is a corporation organized and existing under the laws of the State of Vermont.   GHIC's principal place of business is located at 2575 Collier Canyon Road, Livermore, California.   Consequently, GHIC is not a citizen of the State of Texas, but rather a citizen of Vermont and California.   Accordingly, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

---

[5] *See* 28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).
[6] *Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996).
[7] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).
[8] *See* 28 U.S.C. § 1441(b).
[9] *See* Plaintiff's Original Petition, § II.

## III.
## COURT AND PARTY INFORMATION

13.     This action is being removed from the following court: 189th District Court of Harris County, Texas.

14.     Robbins did not request a jury trial in the State Court Action.

15.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto collectively in the Index to State Court File, and incorporated herein by reference for all purposes.

16.     This shall serve as notice that GHIC will promptly give all parties written notice of the filing of this Notice of Removal, and will file a copy of this Notice of Removal with the Clerk of the 189th Judicial District Court of Harris County, Texas, where the action is currently pending, as is required under 28 U.S.C. § 1446(d).

WHEREFORE, GHIC respectfully requests that the Court remove the case styled as follows: Cause No. 2016-02458; *Kayla Robbins v. Global Hawk Insurance Company*, pending in the 189th Judicial District Court of Harris County, Texas, to the United States District Court of the Southern District of Texas, Houston Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**


By:     */s/  Brian M. Stork*
            Brian M. Stork
            State Bar No. 24056386
            E-Mail: bstork@krcl.com
            Donald A. Waltz
            State Bar No. 24048061
            E-Mail: dwaltz@krcl.com

1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone:     (214) 777-4251
Facsimile:      (214) 777-4299

**ATTORNEYS FOR DEFENDANT GLOBAL
HAWK INSURANCE COMAPNY**


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served, via the Court's electronic filing system, on the 23rd day of February, 2016, upon the following:

**VIA: ELECTRONIC FILING**
Adam P. Criaco
**CRIACO & ASSOCIATES**
519 N. Sam Houston Pkwy. E, Suite 500
Houston, TX  77060


*/s/ Brian M. Stork*
Brian M. Stork

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KAYLA ROBBINS,                        §
                                      §
        Plaintiff,                    §
                                      §
V.                                    §    CIVIL ACTION NO. _____
                                      §
GLOBAL HAWK INSURANCE                 §
COMPANY,                              §
                                      §
        Defendant.                    §

## INDEX TO STATE COURT FILE

| No. | Filing Party | Name of Document | Date Filed |
|-----|--------------|------------------|------------|
| 1 | Plaintiff | Civil Case Information Sheet | 01.14.16 |
| 2 | Plaintiff | Plaintiff's Original Petition | 01.14.16 |
| 3 | Plaintiff | Civil Process Request Service Form 29 | 01.14.16 |
| 4 | Court | Civil Process Pick-Up Form | 01.14.16 |
| 5 | Plaintiff | Return of Citation | 02.08.16 |
| 6 | Defendant | Defendant's Original Answer | 02.12.16 |

**1**

1/14/2016 12:23:58 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8616474
By: FRANKLIN, KRYSTAL G
Filed: 1/14/2016 12:23:58 PM

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* **2016-02458 / Court: 189** **COURT** *(FOR CLERK USE ONLY):*

**STYLED** Kayla Robbins v. Global Hawk Insurance Company

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br><br> Adam P. Criaco | Email: <br><br> adam.criaco@criacolaw.com | Plaintiff(s)/Petitioner(s): <br><br> Kayla Robbins | ☒Attorney for Plaintiff/Petitioner <br> ☐Pro Se Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: |
| Address: <br><br> 519 N Sam Houston Pky E #500 | Telephone: <br><br> 713-663-6600 | | Additional Parties in Child Support Case: |
| City/State/Zip: <br><br> Houston, TX 77060 | Fax: <br><br> 713-663-7923 | Defendant(s)/Respondent(s): <br><br> Global Hawk Insurance Company | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: | State Bar No: <br><br> 05075770 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☒Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional Liability: <br><br> ☐Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability List Product: <br><br> ☐Other Injury or Damage: | ☐Eminent Domain/ Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br><br> **Related to Criminal Matters** <br> ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— Pre-indictment <br> ☐Other: | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children <br><br><br> **Other Family Law** <br> ☐Enforce Foreign Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities of Minority <br> ☐Other: | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other <br><br> **Title IV-D** <br> ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order <br><br> **Parent-Child Relationship** <br> ☐Adoption/Adoption with Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Parentage/Paternity <br> ☐Termination of Parental Rights <br> ☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: | ☐Administrative Appeal <br> ☐Antitrust/Unfair Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

**2**

**2016-02458 / Court: 189**

1/14/2016 12:23:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8616474
By: Krystal Franklin
Filed: 1/14/2016 12:23:58 PM

NO. _____

| | | |
|---|---|---|
| KAYLA ROBBINS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLOBAL HAWK INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kayla Robbins, Plaintiff, complaining of Global Hawk Insurance Company and, hereinafter referred to as "Defendant", and for cause of action would respectfully show unto the Court the following:

**I.**

This Petition is being filed under Level 2 of Rule 190.1.

**II.**

Plaintiff, Kayla Robbins, is an individual who resides in Harris County, Texas.

Defendant Global Hawk Insurance Company, is doing business in the State of Texas and may be served with citation by serving the Texas Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe, Austin, TX 78701 for forwarding to Defendant's corporate address, 1 Mill St., Suite 324, Burlington, VT 05401-1523.

**III.**

Venue is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the judgement upon which Plaintiff's direct cause of action is based occurred in Harris County, Texas.

The Court has jurisdiction over this controversy because Plaintiff seeks damages within the jurisdictional limits of this Court.

## IV.

Plaintiff would show that she was seriously injured as a result of interstate motor carrier operations that were being undertaken by Enrique Carreon d/b/a Carreon Trucking and its driver, Dean Fredrick Malzahn. The truck being driven by Dean Fredrick Malzahn struck Plaintiff's vehicle. At the time of the collision Enrique Carreon d/b/a Carreon Trucking, by and through its statutory employee of Dean Fredrick Malzahn, was an interstate motor carrier with an assigned motor carrier permit number through which it conducted motor carrier operations.

Plaintiff filed her action against Enrique Carreon d/b/a Carreon Trucking, Dean Fredrick Malzahn, who in all things defaulted. On July 13, 2015, Plaintiff obtained a final judgment against the respective Defendants in the amount of $761,048.72. Since Defendant Global Hawk Insurance Company was the entity that issued the public liability policy (the motor carrier policy), Plaintiff is afforded the statutory right to advance this direct action against the carrier (Defendant Global Hawk Insurance Company) for payment of the Judgement.

## V.

Defendant Global Hawk Insurance Company filed the necessary certificate with the Texas Department of Transportation (formerly the Texas Railroad Commission) verifying that a public liability policy had been issued on behalf of Enrique Carreon d/b/a Carreon Trucking and its statutory drivers. Defendant Global Hawk Insurance Company's filing represented to Plaintiff and the citizens of Texas that Global Hawk Insurance Company and Malzahn, by and through Defendant, possessed the requisite level of financial responsibility, so as to protect Texas citizens from any accident or injuries arising out of the "operation, use or maintenance" of vehicles operating under,

by or through the motor carrier permit.

Defendant Global Hawk Insurance Company issued to Enrique Carreon d/b/a Carreon Trucking a policy or policies of insurance. These policies were issued in compliance with 49 U.S.C. 10927, which mandated the filing of a Motor Carrier Automobile Bodily Injury and Property Damage Liability Certificate of Insurance (B.M.C. 90/M.C.S. 90) with the ICC. The policy of insurance certified that Defendant was qualified to make an insurance filing under Title 49 of the Code of Federal Regulations and that the insurance policy issued by Defendant Global, on behalf of Enrique Carreon d/b/a Carreon Trucking, would be "amended to provide coverage or security for the protection of the public" and that "the amendment governs the operation, maintenance or use of motor vehicles" under the permit issued by the ICC.

## VI.

Plaintiff, as judgment creditor and intended beneficiary/insured under Defendant's public liability policy requests that Defendant Global be cited to answer and appear herein and that upon trial Plaintiff have judgment against Defendant Global as follows:

(a)   For the benefits payable under the insurance policy made the basis of this suit;

(b)   For all special damages;

(c)   For exemplary damages or, in the alternative, enhanced damages, as set out above;

(d)   All applicable statutory penalties;

(e)   For all reasonable and necessary attorneys' fees, costs of court and expenses of litigation;

(f)   Pre-judgment and post-judgment interest on the previously entered judgment and any additional subsequent judgments entered in this action, as allowed by Tex. Civ. Prac. & Rem. Code;

(g)   all appellate costs, including taxable court costs and all attorneys' fees that may be incurred by Plaintiff's counsel during the appeal process, as allowed under Texas law; and

(h)   For such other and further relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

CRIACO & ASSOCIATES

By: _____
       Adam P. Criaco
       SBOT 05075770
       519 N. Sam Houston Pkwy. E., Suite 500
       Houston, TX 77060
       Telephone:  (713) 663-6600
       Facsimile:  (713) 663-7923
       adam.criaco@criacolaw.com

ATTORNEY FOR PLAINTIFF

**3**

1/14/2016 12:23:58 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8616474
By: FRANKLIN, KRYSTAL G
Filed: 1/14/2016 12:23:58 PM

## CIVIL PROCESS REQUEST SERVICE FORM 29
## 2016-02458 / Court: 189

FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING

FOR WRITS FURNISH 2 COPIES OF THE PLEADING PER PARTY TO BE SERVED

REQUEST SERVICE TO BE ISSUED IN:

CASE NUMBER: _____     CURRENT COURT: _____

FILE DATE:  January 14, 2016 _____

INSTRUMENT TO BE SERVED: Plaintiff's Original Petition _____

### ISSUANCE SECTION

SERVICE TO BE ISSUED ON (please list exactly as the name appears in the pleading to be served):

1.  NAME: Global Hawk Insurance Company _____

    ADDRESS: 1 Mill St., Suite 324, Burlington, VT 05401-1523 _____

    AGENT (if applicable) Texas Department of Insurance _____

    TYPE OF SERVICE: Citation _____

    SERVICE BY: Process server:  CRR (box #107), phone number (713) 227-3353 _____

2.  NAME: _____

    ADDRESS:_____

    AGENT (if applicable)_____

    TYPE OF SERVICE:_____

    SERVICE BY:_____

3.  NAME: _____

    ADDRESS: _____

    AGENT (if applicable) _____

    TYPE OF SERVICE: _____

    SERVICE BY:_____

=====================================================================

**SERVICE REQUESTED BY:**

Adam P. Criaco
SBOT 05075770
Criaco & Associates
519 N. Sam Houston Pkwy. E., Suite 500
Houston, TX 77060
Telephone: (713) 663-6600
Facsimile: (713) 663-7923
Email: Adam.Criaco@criacolaw.com

**4**

CONFIRMED FILE DATE: 1/14/2016



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED ___
VERIFIED ___

## Civil Process Pick-Up Form

CAUSE NUMBER: _201602458_

ATY _____   CIV __✓__   COURT _189_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: _Criaco, Adam P._   PH: _713-663-6600_ |
| *CIVIL PROCESS SERVER: _CRR   (BOX #107)_ |
| *PH: _713-227-3353_ |
| *PERSON NOTIFIED SVC READY: _____ |
| * NOTIFIED BY: _____ |
| DATE: _____ |

Type of Service Document: _Citation_      Tracking Number _73206744_
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Process papers prepared by: _Krystal Franklin_

Date: _01_ - _14_ -2016      30 days waiting _02_ - _14_ -2016

| |
|---|
| *Process papers released to: _GATLAND Cara_ |
| (PRINT NAME) |
| _7 227 3353_ |
| *(CONTACT NUMBER)      (SIGNATURE) |
| *Process papers released by: _Marcela Hill_ |
| (PRINT NAME) |
| _Hill_ |
| (SIGNATURE) |
| * Date: _1·15·16_ , 2015   Time: _7·55_   AM (PM) |

Revised 12-15-2014

**5**

01.120582

2/8/2016 3:50:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9011933
By: ARIONNE MCNEAL
Filed: 2/8/2016 3:50:18 PM

CAUSE NO. 201602458

RECEIPT NO.          0.00    CIV
       **********       TR # 73206744

| | |
|---|---|
| PLAINTIFF: ROBBINS, KAYLA<br>       vs.<br>DEFENDANT: GLOBAL HAWK INSURANCE COMPANY | In The   189th<br>Judicial District Court<br>of Harris County, Texas<br>189TH DISTRICT COURT<br>Houston, TX |

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: GLOBAL HAWK INSURANCE COMPANY MAY BE SERVED THROUGH THE
     TEXAS COMMISSIONER OF INSURANCE TEXAS DEPARTMENT OF INSURANCE
     333 GUADALUPE AUSTIN TEXAS 05401-1523
     FORWARD TO:
     1   MILL ST SUITE 324    BURLINGTON VT   05401 - 1523

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 14th day of January, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 14th day of January, 2016, under my hand and
seal of said Court.



Issued at request of:
CRIACO, ADAM P.
519   N SAM HOUSTON PKWY E SUITE 500
HOUSTON, TX   77060
Tel: (713) 663-6600
Bar No.: 5075770

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: FRANKLIN, KRYSTAL GAYLE   Q8I//10285346

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_\_.M., on the \_\_\_\_\_ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock \_\_\_\_.M., on the \_\_\_\_\_ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____       copy(ies) of the
                                                                   Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this \_\_\_\_\_ day of _____, _____.

FEE: $_____

_____

\_\_\_\_\_ of _____ County, Texas

_____ _____    By _____
          Affiant                                                  Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this \_\_\_\_\_ day of _____, _____.

_____
                 Notary Public

## CAUSE NO. 2016-02458

KAYLA ROBBINS
VS.

IN THE 189TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

GLOBAL HAWK INSURANCE
COMPANY

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, *Barbara C. Stinnett* (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is *Barbara C. Stinnett* (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: *P.O. Box 684627, Austin TX 78768*
(SERVER'S ADDRESS)

2. ON *01/22/16* (DATE) AT *04 : 00* (*P*) M (TIME) TWO (2) DUPLICATE COPIES OF PLAINTIFF'S ORIGINAL PETITION CITATION ( INSURANCE COMMISSION ) AND $50.00 JURISDICTIONAL FEE  came to hand for delivery to GLOBAL HAWK INSURANCE COMPANY MAY BE SERVED THROUGH THE TEXAS COMMISSIONER OF INSURANCE TEXAS DEPARTMENT OF INSURANCE.

3. ON *01/25/16* (DATE) AT *02 : 56* (*P*) M (TIME) - The above named documents were delivered to: GLOBAL HAWK INSURANCE COMPANY MAY BE SERVED THROUGH THE TEXAS COMMISSIONER OF INSURANCE TEXAS DEPARTMENT OF INSURANCE by delivering to *Tish Wilhelm - designated Agent*
(NAME AND TITLE), authorized agent for service @
*333 Guadalupe St., Austin TX 78701*
(ADDRESS), by CORPORATE Service

SIGNATURE
SCH# *1181*   EXPIRATION: *07/31/17*

AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by *Barbara C. Stinnett* appeared on this *25* day of *January*, 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.01.120582



HARRISON STINNETT
MY COMMISSION EXPIRES
July 9, 2016

**6**

2/12/2016 3:10:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9101503
By: Deandra Mosley
Filed: 2/12/2016 3:10:18 PM

CAUSE NO. 2016-02458

| | | |
|---|---|---|
| KAYLA ROBBINS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLOBAL HAWK INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

GLOBAL HAWK INSURANCE COMPANY ("GHIC" or "Defendant") files its Original Answer as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation contained in Plaintiff's Original Petition, and any amendments or supplements thereto, and demand strict proof thereof in accordance with the Texas Rules of Civil Procedure.

WHEREFORE, Defendant prays that Plaintiff take nothing by this action, that Defendants recover his costs and attorneys' fees incurred herein, and that Defendant be granted such other and further relief to which he may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**


By:      /s/  Brian M. Stork
         Brian M. Stork
         State Bar No. 24056386
         E-Mail: bstork@krcl.com
         Donald A. Waltz
         State Bar No. 24048061
         E-Mail: dwaltz@krcl.com

1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone:      (214) 777-4251
Facsimile:      (214) 777-4299

**ATTORNEYS FOR DEFENDANT GLOBAL HAWK INSURANCE COMAPNY**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this the 12th day of February, 2016, as follows:

**VIA E-MAIL: adam.criaco@criacolaw.com**
Adam P. Criaco
**CRIACO & ASSOCIATES**
519 N. Sam Houston Pkwy. E, Suite 500
Houston, TX  77060


/s/  Brian M. Stork
Brian M. Stork