Case 4:16-cv-00479 Document 26 Filed in TXSD on 09/14/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYLA ROBBINS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0479 |
| | § | |
| GLOBAL HAWK INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Extend Time to Respond [Doc. # 19] filed by Defendant Global Hawk Insurance Company ("Global"), to which Plaintiff Kayla Robbins filed a Response [Doc. # 23]. Having reviewed the record and the applicable legal authorities, the Court **grants** the requested extension of time for Global to file its response to Plaintiff's Motion for Summary Judgment.

### I.    BACKGROUND

Plaintiff was injured when her vehicle was struck by a truck driven by an employee of Enrique Carreon d/b/a Carreon Trucking ("Carreon"), Global's insured. Plaintiff sued Carreon in Texas state court and, on July 13, 2015, obtained a default judgment in the amount of $761,048.72.

On January 14, 2016, Plaintiff filed this lawsuit against Global pursuant to a Motor Carrier Automobile Bodily Injury and Property Damage Liability Certificate of Insurance ("MCS-90") that permits an injured party to collect a final judgment from the insurer directly. Global filed a timely Notice of Removal.

On August 18, 2016, Plaintiff filed a Motion for Summary Judgment [Doc. # 16]. On September 6, 2016, prior to the deadline for its response to the Motion for Summary Judgment, Global filed its motion for an extension of the response deadline. Global's Motion to Extend Time to Respond is now ripe for decision.

## II.   ANALYSIS

Global seeks a 60-day extension of the deadline for its response to Plaintiff's Motion for Summary Judgment in order to determine whether Carreon files a Bill of Review challenging the default judgment entered against it and in favor of Plaintiff in state court. When a motion for summary judgment is filed and the non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may [] defer considering the motion . . . ." FED. R. CIV. P. 56(d). Rule 56(d) motions are "broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*. 714 F.3d 887, 894 (5th Cir. 2013) (internal

quotations and citation omitted). Additionally, the Court may, for good cause, extend the deadline for a response to a motion for summary judgment when the request for the extension is filed before the original deadline. *See* FED. R. CIV. P. 6(b)(1)(A).

In this case, Global has presented the Declaration of Dominic Flamiano as an exhibit to its Motion to Extend Time to Respond. Through Flamiano's Declaration, Global has shown that Carreon claims that he was not properly served and intends to challenge the default judgment through a Bill of Review.

Plaintiff argues that whether Carreon files a Bill of Review is "not relevant to the pending matter." *See* Plaintiff's Response, p. 8. The Court disagrees. The MCS-90 provision allows Plaintiff to collect a final judgment directly from the insurer. It is highly relevant whether Carreon files a Bill of Review challenging Plaintiff's final default judgment and whether that challenge is successful. If Plaintiff's default judgment is vacated by the state court, the legal and factual basis for Plaintiff's Motion for Summary Judgment is significantly altered. Therefore, good cause exists for an extension of the response deadline.

### III.   CONCLUSION AND ORDER

Global has demonstrated through the Declaration of Dominic Flamiano that Carreon is likely to file a Bill of Review to challenge Plaintiff's final default judgment

in state court. As a result, pursuant to Rule 6(b)(1)(A) and Rule 54(d) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that Global's Motion to Extend Time to Respond [Doc. # 19] is **GRANTED**, and the deadline for Global's response to Plaintiff's Motion for Summary Judgment is extended to **November 8, 2016**. It is further

**ORDERED** that counsel shall promptly advise the Court in writing when Carreon files the Bill of Review in state court.

SIGNED at Houston, Texas, this **14th** day of **September, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE